UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JAMES COLACINO and COLACINO  :
INDUSTRIES, INC.,            :
                Plaintiffs,   :     **ORDER**
                             :
v.                           :     19 CV 9648 (VB)
                             :
MIKE DAVIS,                  :
                Defendant.   :
--------------------------------------------------------------x

      On September 18, 2019, plaintiffs commenced this action in Supreme Court, Westchester County, and on October 18, 2019, defendant properly removed the case pursuant to 28 U.S.C. §§ 1441(a) and 1446, and Rule 20 of the Local Rules for the Division of Business Among District Judges (noting actions removed from a state court in a county other than New York or Bronx County shall be assigned to the White Plains division). Defendant's notice of removal, however, is silent as to whether venue in this District is proper under 28 U.S.C. § 1391(b).

      Section 1391(b) provides:

      A civil action may be brought in—

(1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

      Pursuant to 28 U.S.C. § 1406(a), a district court "in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." And under 28 U.S.C. § 1404(a), "[f]or the

1

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

According to plaintiffs' complaint, it appears defendant resides, and a substantial part of the events giving rise to plaintiffs' claims occurred, in Wayne County, NY, within the Western District of New York.  Thus, it is unclear whether venue is proper in the Southern District of New York, and even if it is, whether the Western District is a more appropriate venue for this action.

Accordingly, it is HEREBY ORDERED:

By July 27, 2020, the parties, either jointly separately, shall notify the Court in writing whether venue is proper in this District, and whether the case should be transferred to the Western District of New York pursuant to either Section 1406(a) or 1404(a).

Dated: July 13, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge