UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JAMES COLACINO and COLACINO                    :
INDUSTRIES, INC.,                              :
                       Plaintiffs,         :            **ORDER**
                                                :
v.                                             :            19 CV 9648 (VB)
                                                  :
MIKE DAVIS,                                    :
                       Defendant.          :
--------------------------------------------------------------x

       On September 18, 2019, plaintiffs commenced this action in Supreme Court, Westchester County, and on October 18, 2019, defendant properly removed the case pursuant to 28 U.S.C. §§ 1441(a) and 1446, and Rule 20 of the Local Rules for the Division of Business Among District Judges (noting actions removed from a state court in a county other than New York or Bronx County shall be assigned to the White Plains division). Defendant's notice of removal, however, is silent as to whether venue in this District is proper under 28 U.S.C. § 1391(b).

       Section 1391(b) provides:

       A civil action may be brought in—

       (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

       (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

       (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

       In their complaint, plaintiffs allege defendant resides, and a substantial part of the events giving rise to plaintiffs' claims occurred, in Wayne County, New York, within the Western District of New York. Accordingly, by Order dated July 13, 2020, the Court instructed the

1

parties to state in writing whether venue is proper in this District and whether the case should be transferred to the United States District Court for the Western District of New York pursuant to either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

Defendant states venue is improper in this District, and confirms that defendant resides in Wayne County and any events giving rise to plaintiffs' claims occurred in or around Wayne County. (Doc. #19). Plaintiffs do not contest these assertions or otherwise offer an opinion on the matter, but state they have "no objection to this Court maintaining jurisdiction if the Court chooses to do so, and will of course accept the Court's decision on this issue." (Doc. #20).

Pursuant to 28 U.S.C. § 1406(a), a district court "in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." The decision whether to transfer or dismiss under Section 1406(a) is "within the sound discretion of the district court." Graczyk v. Verizon Commc'ns, Inc., 2020 WL 1435031, at *6 (S.D.N.Y. Mar. 24, 2020).

"A court may transfer a case pursuant to 28 U.S.C. § 1406(a) sua sponte." Holey Soles Holdings, Ltd. v. Foam Creations, Inc., 2006 WL 1147963, at *9 (S.D.N.Y. May 1, 2006) (citing Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 372 n.3 (2d Cir. 1966)). "The purpose of 28 U.S.C. § 1406(a)'s transfer provision is to 'remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits.'" Rolle v. Berkowitz, 2004 WL 287678, at *3 (S.D.N.Y. Feb. 11, 2004) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962)).

Because defendant resides in, and a substantial part of the events giving rise to plaintiffs' claims occurred within, the Western District of New York, in the interest of justice, the Court will transfer this case to the Western District of New York—the proper venue for this action—

where the case may proceed expeditiously.  See 28 U.S.C. § 1406(a); cf. Fed. R. Civ. P. 1 (noting these rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Accordingly, it is HEREBY ORDERED:

The Clerk is instructed to transfer this case to the United States District Court for the Western District of New York, pursuant to 28 U.S.C. § 1406(a).

Dated: July 28, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge